UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEONTE L. INGOL, | ) | CASE NO. 5:16 CV 2450 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERIFF STEVE BARRY, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Deonte Ingol, a prisoner in the Summit County Jail, has filed this *in forma pauperis* civil action against Summit County Sheriff Steve Barry, seeking $10,000 in damages for "mental anguish." The only allegations the Plaintiff sets forth in the Statement of Claim portion of his complaint are as follows:

> They houses Death Row Inmate Lawrance Fry #4952 he Institution Chillcothe, Ohio on 4B in Summit County Jail.

(Doc. No. 1 at 3.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Federal district courts are required under 28 U.S.C. §1915A to screen and dismiss before service any complaint in a civil action in which a prisoner seeks redress from an officer or

employee of a governmental entity that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

In order to state a claim on which relief may be granted, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill*, 630 F.3d at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even construing the Plaintiff's complaint liberally, it does not set forth factual allegations that would allow the Court to draw the reasonable inference that the Plaintiff might have a plausible federal claim against Sheriff Barry. Further, 42 U.S.C. §1997e(e) precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Jennings v. Mitchell*, 93 F. App'x. 723, 724-25 (6th Cir. 2004).

## Conclusion

Accordingly, the Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                             */s/ John R. Adams*
                                             JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016